Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN LEE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FIRST REVENUE ASSURANCE CORPORATION; DOES 1 THROUGH 25, INCLUSIVE,<br><br>　　　　　　　Defendants. | Case No.: CV 07-6066 MHP<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**DEMAND FOR JURY** |

## I. PRELIMINARY STATEMENT

1.　　Plaintiff STEPHEN LEE, ("Plaintiff"), on his own behalf and on behalf of the classes he seeks to represent, brings this action for illegal practices of Defendant First Revenue Assurance Corporation. Defendant named herein used false, deceptive and misleading practices in conjunction with attempts to collect alleged debts. Plaintiff alleges the Defendant named above has violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq. ("FDCPA"). Plaintiff seeks statutory damages for himself and the classes defined herein, costs and attorney's fees.

## II. JURISDICTION

2.　　Jurisdiction of this Court arises under 15 U.S.C. §1692(k) and 28 U.S.C. §1331. Venue in this District is appropriate because pertinent events took place here.

## III. PARTIES

3.  Plaintiff, STEPHEN LEE ("Mr. Lee") is a natural person residing in San Francisco, California.

4.  Defendant, FIRST REVENUE ASSURANCE CORPORATION ("Defendant" or "FRAC"), is a corporation existing, upon information and belief, pursuant to the laws of the State of Delaware. The Defendant maintains a principal place of business located in Denver, Colorado. The Defendant operates as a debt collection agency in that it attempts to collect actual and alleged debts incurred for personal and/or family and/or household purposes.

5.  The Defendants DOES 1 THROUGH 25 are natural persons who all reside within the United States and/or are business entities located within the United States. Said Defendants personally control the violative practices invoked by the Defendant, as set forth and described herein, and are, therefore, all personally liable for said wrongful practices. Said Defendants otherwise act, and acted, as agents and/or servants and/or employees and/or representatives and/or affiliates and/or partners and/or stockholders, all in relation to the Defendant FRAC.

## IV. STATEMENT OF THE CASE

6.  The Plaintiff incurred a personal debt to Cingular Wireless, a non-party ("Cingular"). Due to personal problems, the Plaintiff became delinquent in his account balance with Cingular.

7.  At a time unknown to the Plaintiff the delinquent debt was referred by Cingular to the Defendant FRAC for collection.

8.  In conjunction with the attempt to collect the delinquent Cingular debt, the Defendant FRAC forwarded correspondence to the Plaintiff. One such correspondence is dated June 18, 2007. A copy of said correspondence is attached hereto as Exhibit A.

9.  Said correspondence sets forth in large type:

   **INTENT TO REPORT TO CREDIT BUREAUS.**

Said correspondence further sets forth:

> **Be advised that we are planning to submit your name, address and the amount due of $100.43 to Equifax, Experian. and TransUnion credit reporting services on 07-18-07.**

> **Since this could have a serious impact on your credit
> rating nationwide and may prevent you from obtaining credit
> when you need it most, we are offering you one last chance to
> pay the balance of $100.43 before this serious action is taken.
> Your full payment forwarded directly to us in the
> enclosed envelope by the due date set forth above, will prevent
> the reporting of your past due account to these credit services.**

10. The statements set forth in the June 18, 2007 letter, as set forth above, constitute a false threat to commence legal action against thePlaintiff. Said threat is false (in part) based upon the fact the creditor, Cingular, did not authorize the Defendant to threaten the Plaintiff with the report to the credit bureaus, and the Defendant, in fact, did not report the alleged debt to the credit bureaus.

11. The June 18, 2007, letter sent to the Plaintiff states (in part):

> Visit our web site www.firstrevenue.com.

The website maintained by the Defendant contains the following statement:

> **Many large well-known companies who require professional
> assistance with bringing their customer's accounts up to date
> contract our services. Our business is to assist both parties
> with finding a solution.**

A copy of said statement is attached hereto as <u>Exhibit B</u>. Said statement is false, deceptive and misleading. The Defendant FRAC is a debt collector. It's "business" is to collect actual and alleged debts alleged to be incurred by consumers. The statement set forth on the Defendant's website falsely conveys the impression that the Defendant FRAC acts as a mediation service operating, in part, to protect the consumer. In fact, the Defendant's sole obligation and ultimate goal is to collect money from consumers such as the Plaintiff and the classes defined herein for it's creditor clients.

12. The website maintained by the Defendant FRAC includes a section concerning bankruptcy. A copy of said section is attached hereto as <u>Exhibit C</u>. This bankruptcy section maintained by the Defendant FRAC in regard to bankruptcy, seeks personal information regarding the consumer.

13. The bankruptcy section, set forth on the website maintained by the Defendant FRAC, sets forth (in part):

COMPLAINT                                                      STEPHEN LEE, ET AL., V. FIRST REVENUE
                                         3                     ASSURANCE CORP., ET AL.

> **In order to protect individual right to privacy no form will be processed unless completed fully. . . . You must provide the following information.**

These statements are both false, deceptive and misleading in that the information requested by the Defendant FRAC seeks private information concerning the consumer, including the consumer's Social Security number. The Social Security number is not required to obtain verification of a bankruptcy case.

14. The request for the consumer's Social Security number is false, deceptive and misleading as there are various state laws which prohibit the conveyance of a consumer's Social Security number via the internet.

15. The website maintained by the Defendant FRAC includes a section for the consumer to dispute a debt which the defendant FRAC has attempted to collect. A copy of said dispute section is attached hereto as <u>Exhibit D</u>. Said section directs"

> **Please send all disputes in writing . . . .**

Said statement is false, deceptive and misleading in that, pursuant to the FDCPA, a consumer need not dispute a debt in writing only and may advise a debt collector orally that a debt is disputed.

16. The statement set forth on the website maintained by the Defendant FRAC, requiring the consumer to dispute the debt in writing, contradicts and overshadows the debt dispute rights set forth in 15 U.S.C. §1692(a)(3).

17. The website maintained by the Defendant FRAC includes a statement"

> **We comply with the <u>Federal Fair Debt Collection Practices Act</u>.**

A copy of said website statement is attached hereto as <u>Exhibit E</u>. Based upon the facts set forth heretofore, and upon the exhibits attached hereto, said statement is false, deceptive and misleading as the Defendant FRAC does not comply with the mandates of the FDCPA.

## V. POLICIES AND PRACTICES COMPLAINED OF

18. It is the policy and practice of the Defendant FRAC to use false, deceptive and misleading tactics when attempting to collect actual and alleged debts incurred for personal

and/or family and/or household purposes.

**VI. CLASS ALLEGATIONS**

19.   This action is brought as a class action pursuant to 15 U.S.C. §1692(k) on behalf of the following two (2) classes:

    A.   a class consisting of all persons with addresses in the state of California who received a letter identical in form to the letter sent to the Plaintiff and attached hereto as <u>Exhibit A</u>.

    B.   a class consisting of all persons with addresses in the state of California who received a collection letter from the Defendant FRAC which included a directive to visit the website maintained by the Defendant FRAC.

20.   The class period for each of the 2 classes is one year prior to the filing of the herein action.

21.   Plaintiff alleges, on information and belief, each of the 2 classes defined herein includes thousands of class members and is, therefore, so numerous as to make it impracticable to bring all the members of the respective classes before this Court. The exact number of class members is unknown to the Plaintiff but may be determined from the records maintained by the Defendant FRAC.

22.   There are questions of law and fact common to each of the 2 classes which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant FRAC used false, deceptive and misleading tactics when attempting to collect actual and alleged debt incurred for personal and/or family and/or household purposes.

23.   The Plaintiff's claims are typical of the members of each class defined herein. All are based upon the same facts and legal theories.

24.   The Plaintiff will fairly and adequately protect the interests of the class. He has retained Irving L. Berg, an attorney experienced in handling FDCPA class actions, to serve as counsel herein. Neither Plaintiff nor his counsels have any interests which might cause them not to vigorously pursue their action herein.

25. Plaintiff has no relationship with any of the Defendants named herein except as set forth in the herein Class Complaint. His interests in this action are antagonistic to the interests of the Defendants. The Plaintiff is aware he cannot settle this action without Court approval.

26. A class action provides a fair and efficient method of adjudicating this controversy. Plaintiff and the members of each class defined herein have substantive claims that are similar pursuant to the FDCPA which are similar, if not identical, in all material respects and will require evidentiary proof of the same kind and application of the same law.

27. There are no unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions. Damages may be calculated with mathematical precision.

28. Because most members of the Class either do not know that their rights have been violated or could not economically justify the effort and expense required to litigate their individual claims for relatively small damages, a class action is the only practical proceeding in which they could recover. As a result of the doctrine of stare decisis individual actions could substantially impair the rights of the putative members of each of the classes defined herein and spawn inconsistent results that require the Defendant FRAC to treat similarly situated Class Members differently.

29. Plaintiff is unaware of any other similar litigation against the Defendant, and this action will further the public policies underlying the FDCPA.

30. This Court is an appropriate forum since the Defendant FRAC conducts business within this forum and since the plaintiff resides in this forum.

**VII. CAUSE OF ACTION:
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

31. The Plaintiff repeats and reiterates all the allegations set forth in paragraphs 1-30 above as if set forth at length herein.

32. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

A. The Defendants violated 15 U.S.C. §1692e by using false, deceptive and

misleading means in an attempt to collect alleged consumer debts.

  B. The Defendants violated 15 U.S.C. §1692g(a)(3) by contradicting and overshadowing the debt dispute rights set forth therein.

**VIII. PRAYER**

  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the classes for:

  A. A determination that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

  B. Statutory damages for the classes pursuant to 15 U.S.C. §1692k.

  C. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k.

  D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. sec. 1692k.

  E. For such other and further relief as may be just and proper.

Dated: 11/27/07

/s/
Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: 11/27/07

/s/
Irving L. Berg

COMPLAINT  STEPHEN LEE, ET AL., V. FIRST REVENUE ASSURANCE CORP., ET AL.

7