TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for defendant
First Revenue Assurance, LLC
sued herein as First Resolution Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LEE, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

FIRST REVENUE ASSURANCE CORPORATION; DOES 1 THROUGH 25, INCLUSIVE,

Defendants.

CASE NO.: C 07 6066 MHP

**ANSWER TO COMPLAINT**

Defendant FIRST REVENUE ASSURANCE, LLC sued as First Resolution Assurance Corporation ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff STEPHEN LEE ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Except as herein admitted, the remaining allegations on Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Defendant admits, on information and belief, the allegations of Paragraph 3 of the Complaint.

4. In answering Paragraph 4 of the Complaint, Defendant admits that First Revenue Assurance, LLC is a Delaware limited liability corporation that maintains a place of business in Denver, Colorado, and that it has, at times, attempted to collect debts. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. Denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits on information and belief that Plaintiff incurred a financial obligation to Cingular Wireless and that he became delinquent on the account. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 6 of the Complaint and on that basis, denies them.

7. Admitted.

8. In answering Paragraph 8 of the Complaint, Defendant admits that it sent Plaintiff a letter dated June 18, 2007, the contents of which are self-

explanatory. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendant admits that it sent Plaintiff a letter dated June 18, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. Denied.

11. In answering Paragraph 11 of the Complaint, Defendant avers that the contents of its website, www.firstrevenue.com, are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant avers that the contents of its website, www.firstrevenue.com, are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant avers that the contents of its website, www.firstrevenue.com, are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 13 are denied.

14. Denied.

15. In answering Paragraph 15 of the Complaint, Defendant avers that the contents of its website, www.firstrevenue.com, are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 15 are denied.

16. Denied.

17. In answering Paragraph 17 of the Complaint, Defendant avers that the contents of its website, www.firstrevenue.com, are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 25 of the Complaint relating to the plaintiff's alleged knowledge or interest, and on that basis, denies them.

26. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies that there is any legitimate basis to certify a class in this case, and therefore denies the allegations of Paragraph 30 of the Complaint.

31. Defendant incorporates by reference paragraphs 1 through 31 above, as if fully stated herein.

32. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all

Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**
**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or have no control.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

Defendants’ conduct is protected under the First Amendment of the United States Constitution. Plaintiff’s proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant’s First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorney's fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: January 16, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: /Tomio B. Narita/
Tomio B. Narita
Attorneys for Defendant
First Revenue Assurance, LLC
sued herein as First Resolution
Assurance Corporation