| | |
|---|---|
| Irving L. Berg (SBN 36273)<br>THE BERG LAW GROUP<br>145 Town Center, PMB 493<br>   Corte Madera, California 94925<br>(415) 924-0742<br>(415) 891-8208 (Fax)<br>irvberg@comcast.net (e-mail)<br>ATTORNEY FOR PLAINTIFF | Tomio B. Narita<br>SIMMONDS & NARITA LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, CA 94104-4816<br>Facsimile (415) 352-2625<br>Tel. (415) 283-1000<br>tomio@snllp.com<br>ATTORNEY FOR DEFENDANTS |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN LEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIRST REVENUE ASSURANCE CORPORATION, et al.<br><br>    Defendants.<br>_____/ | Case No. CV 07-6066 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    March 17, 2008<br>Time:    4:00 p.m.<br>Dept:    Courtroom 15, 18th Floor<br>Judge:    Hon. Marilyn H. Patel<br>            District Court Judge |

     The parties, by their attorneys, file their Joint Case Management Statement pursuant to L.R. 16-9, addressing all of the topics set forth in the Standing Orders of All Judges of the Northern District of California.

     1.    <u>Jurisdiction and Service</u>.  The Plaintiff contends that this Court's jurisdiction is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

     The parties are not aware of any issues regarding personal jurisdiction or venue.

     At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

1  Defendants ask the Court to set a deadline in 30 days for addition of any new parties and
2  60 days for service of same.
3  2. <u>Facts</u>: Plaintiff filed this class action complaint on November 30, 2007.  Plaintiff,
4  Stephen Lee, incurred a debt in the approximate amount of $100.00 to Cingular Wireless for
5  telephone services used for his personal needs.  Mr. Lee was unable to pay the debt due to
6  personal problems.
7  The debt was assigned to or purchased by Defendant First Revenue Assurance
8  Corporation, a debt collector regulated by federal law.
9  Defendant First Revenue Assurance Corporation sent a collection letter threatening to
10 report the $100.00 debt to the national credit bureaus.  The collection letter was dated June 18,
11 2007, <u>Exhibit A</u> attached to the Complaint.
12 The threat was false, as Cingular Wireless did not authorize the credit bureau report and
13 the credit report was not made.
14 Defendant First Revenue Assurance Corporation's collection letter, <u>Exhibit A</u>, referred
15 Plaintiff to Defendant's website, deceptively representing that it acted as a mediation company
16 rather than as a debt collector; <u>Exhibit B</u> attached to the Complaint.
17 Defendant First Revenue Corporation, on its referenced website, sought personal
18 information regarding Plaintiff by the false report that the personal information was necessary to
19 process bankruptcy information; <u>Exhibit C</u> attached to the Complaint.
20 Defendant First Revenue Corporation, on its referenced website, falsely represented that
21 all disputes were to be sent in writing, <u>Exhibit D</u> attached to the Complaint.  The law does not
22 require a consumer to register a dispute in writing (15 U.S.C. § 1692a(3).
23 Defendant First Revenue Assurance Corporation, in its referenced website, falsely
24 represented that it complied with the Fair Debt Collection Practices Act, <u>Exhibit E</u> attached to
25 the Complaint.
26 Defendant's Answer to the Complaint was filed on January 16, 2008.

3. <u>Legal Issues</u>.  Issues are:

(a) whether the collection letter and statements from its referenced website, <u>Exhibits A-E</u> attached to the Complaint, are false and deceptive, in violation of the anti-deception provisions of the FDCPA;

(b) whether the threat to make a negative credit report to the credit bureau is false and violative of the anti-deception provisions of the FDCPA and a coercive tactic resulting in an unfair and unconscionable debt collection practice.  All of these representations are viewed from the perspective of a hypothetical least sophisticated consumer.  *Swanson v. Southern Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988); and

(c) whether Defendant violated 15 U.S.C. § 1692g(a)(3) by contradictory and misleading language concerning Plaintiff's right to dispute the debt.

Defendant contends that there is no factual or legal merit to any of plaintiff's claims, and defendant plans to file a motion for summary judgment. First Revenue did, in fact, report the debt to the consumer reporting agencies, and Cinguular authorized this reporting. The FDCPA does not prohibit collectors from truthfully advising debtors about the negative consequences to their credit if they fail to pay. There are no false or misleading statements on First Revenue's website. No consumer, not even the least sophisticated debtor, would be led to believe that First Revenue is a mediation service, rather than a debt collector. The website does not seek the debtor's Social Security number, as the Complaint alleges. Nor is it possible for the website to contradict or overshadow plaintiffs rights under section. 1692g(a)(3) of the FDCPA, because the **letter** referring the plaintiff to the site was sent months after the initial validation letter, well outside of the 30-day validation period.

4. <u>Motions</u>.  Plaintiff will set her motion for class certification to be heard before this honorable court on June 23, 2008.

Defendant will be filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>.  Plaintiff will amend the Complaint to include specific references to the code sections violated by Defendant.  Other issues may develop during

1 discovery, and Plaintiff asks that the deadline for amendment be set at the completion of
2 discovery.
3      Defendant asks that the deadline to seek leave to amend be set within 30 days of the case
4 management conference.
5      6.    <u>Evidence Preservation</u>.  Plaintiff asks that the Court issue an evidence
6 preservation order.
7      7.    <u>Disclosures</u>.  Plaintiff has complied with the initial disclosure requirements.
8      8.    <u>Discovery</u>.  Plaintiff propounded her first set of discovery requests to Defendants
9 on February 12, 2008.
10      9.    <u>Class actions</u>.
11      (a) The class action is maintainable under Paragraphs b(2) and b(3) of Rule 23 of the
12 Federal Rules of Civil Procedure.
13      (b) The class is all California consumers who received the collection letter, attached as
14 <u>Exhibit A</u> to the Complaint, within the one year immediately preceding the filing of the
15 Complaint.
16      (c) Plaintiff is entitled to maintain the action under Fed. R. Civ. Proc. 23(a), as (i) the
17 class is so numerous that joining all of the members would be impracticable, (ii) there are
18 questions of law or fact common to the class, (iii) the claims or defenses of the representative
19 party is typical of the class members, and (iv) the representative party will fairly and adequately
20 protect the interests of the class.
21      (d) The proposed date for the Court to consider whether the case can be maintained as a
22 class action is June 23, 2008.
23      (e)    Defendant requests that the date for hearing on class certification be deferred until
24 after the Court has heard Defendant's motion for summary judgment.
25      10.    <u>Related cases</u>.  Plaintiff is not aware of any related cases.
26      11.    <u>Relief</u>.  Plaintiff seeks statutory damages of $1,000 and relief for the Class, of the
27 lesser of a sum not to exceed $500,000.00 or 1% per centum of Defendant's net worth.
28

12. <u>Settlement and ADR</u>. The parties agree to mediation under ADR auspices.

13. <u>Consent to magistrate judge for all purposes</u>. Plaintiff consents to have this matter heard by the magistrate judge for all purposes. Defendant does not consent.

14. <u>Other references</u>. The parties decline references other than mediation under the ADR.

15. <u>Narrowing of Issues</u>. Plaintiff believes the issues can be narrowed by stipulation to class certification. Defendant believes its motion for summary judgment will dispose of the case or narrow the issues.

16. <u>Expedited schedule</u>. This case is not amenable to handling on an expedited basis.

17. <u>Scheduling</u>. Plaintiff proposes that the discovery cut-off be October 1, 2008, that the date for designation of experts be September 1, 2008, that the date for hearing summary judgment motions be the week of July 1, 2008, and that the trial date be after December 1, 2008.

18. <u>Trial</u>. The trial will be a court trial, and the length of trial is expected to be 3-4 days.

19. <u>Disclosures of non-party, interested entities or persons</u>. Plaintiff has no disclosures to make. Defendants' Certificate of Non-Interested Parties has been filed.

20. <u>Other matters</u>. The parties have no other matters to disclose at this time.

Respectfully submitted,

Dated: 3-04-08      ____/s/_____
Irving L. Berg
The Berg Law Group
Attorney for Plaintiffs


Dated: 3-10-08      ____s/_____
Tomio B. Narita
Simmonds & Narita LLP
Attorney for Defendants